## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7563 | **DATE** | 1/26/2012 |
| **CASE TITLE** | Alliance Investors, LLC vs. Baytree Leasing Company, LLc | | |

**DOCKET ENTRY TEXT**

Plaintiff Alliance Investors LLC ("Alliance") filed a derivative complaint for injunctive relief in the Nineteenth Judicial Circuit in Lake County, Illinois, on behalf of Baytree Leasing as 49% owner, claiming that defendant Baytree National Bank ("Bank") took assets from Baytree Leasing without compensation and seeking equitable relief. Bank removed the case to federal court asserting original federal subject matter jurisdiction. Alliance now moves to remand the case back to state court for lack of federal jurisdiction. For the reasons stated herein, Alliance's motion [10] is granted and the case is remanded to state court. Status hearing set for Monday, January 30, 2012, is stricken.

■[ For further details see text below.]                                    Docketing to mail notices.

---

### STATEMENT

On September 15, 2003, Alliance and the Bank entered into an operating agreement that created Baytree Leasing to finance lease transactions for businesses for equipment and other property. Under the agreement, the Bank owned 51% of Baytree Leasing and Alliance owned 49%. According to the complaint, the Bank experienced some financial difficulties including insufficient capital, substantial operating losses, and failure to meet the general requirements of the Office of the Comptroller of Currency ("OCC"). On April 17, 2009, the Bank entered into a Consent Order with the OCC. The Consent Order requires the Bank to achieve and maintain certain capital levels. The Consent Order states that it is to be construed as a cease-and-desist order issued pursuant to 12 U.S.C. §1818(b). It is this Consent Order, which the Bank now claims is the basis for federal district court jurisdiction.

A defendant may remove to the federal district court any civil action brought in a state court over which the federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal has the burden of establishing the existence of federal subject matter jurisdiction. *See In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 329-30 (7th Cir. 2009); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). There is a strong presumption in favor of remand, and courts should interpret the removal statute

## STATEMENT

narrowly. *Doe v. Allied-Signal, Inc*., 985 F.2d 908, 911 (7th Cir. 1993). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc*., 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

Here, the Bank has asserted federal subject matter jurisdiction claiming that resolution of the allegations in the complaint depends on a substantial question of federal law. More specifically, the Bank contends that in order for a court to decide Alliance's request for injunctive relief it would be required to review the Consent Order. The Bank further asserts that a Lake County court has already decided in another case that state courts do not have jurisdiction over the issues presented here. Alliance moves to remand arguing that the Bank has failed to show how the Consent Order turns the complaint for injunctive relief based on state law into a federal question.

In making its argument for federal jurisdiction, the Bank in fact points out precisely why this Court does not have jurisdiction. Indeed, the Bank cites 12 U.S.C. §1818(h)(2), part of the enabling statute of the FDIC and the OCC, which vests the power of reviewing, modifying, suspending, terminating or setting aside cease-and-desist orders of the OCC exclusively with federal court of appeals in the circuit in which the home office of the bank is located, i.e., the Seventh Circuit. Therefore, if as the Bank contends, resolution of the complaint in this matter requires review of the Consent Order, then jurisdiction lies with the Seventh Circuit Court of Appeals, not the district court.

Since the burden is on the Bank as the party seeking federal jurisdiction and the Bank has failed to show how the federal *district* court has subject matter jurisdiction over the case, Alliance's motion to remand is granted. This Court need not reach the issue of whether the state court has jurisdiction in this matter, as that is the concern of the state court. Thus, in the interest of comity, this case is remanded back to the Nineteenth Judicial Circuit of Lake County, Illinois.